**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.1:20-cv-02947

ANGELA H. JOHNSON,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendants.

## COMPLAINT

**NOW COMES** ANGELA H. JOHNSON ("Plaintiff"), by and through her undersigned counsel, complaining of Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

2. Congress passed the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, that at all times relevant resided in the State of Colorado.

6. Defendant Equifax Information Services, LLC ("Equifax") is a Delaware limited liability company with its principal place of business located in Atlanta, Georgia.

7. Equifax is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity

8. Equifax regularly does business in Colorado.

9. Trans Union LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois.

10. Trans Union is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Trans Union regularly does business in Colorado.

12. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

13. Experian is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

14. Experian regularly does business in Colorado.

## **FACTUAL ALLEGATIONS**

15. In June 2019, Plaintiff opened a credit account with Conn Appliances, Inc. ("Conn") ("subject account").

16. Plaintiff used the subject account to make various purchases from Conn to furnish her home.

17. Plaintiff eventually amassed a balance of approximately $9,000 on the subject account.

18. From June 2019 through the present, Plaintiff timely made all payments that became due on the subject account.

19. In early 2020, Plaintiff discovered that the subject account was reporting inaccurately on her Equifax, Trans Union, and Experian credit reports.

20. Specifically, Equifax, Trans Union, and Experian were reporting two trade-lines for the subject account.

21. Both of the trade-lines bore the same account number and reported the same open date.

22. However, the trade-lines reported different information.

23. For example at one point in time, one trade-line reported a balance of $7,574 and the other reported a balance of $11,653.

24. Both trade-lines inaccurately reported that Plaintiff missed payments on the subject account and that Plaintiff was delinquent on the subject account.

25. After discovering the inaccurate reporting of the subject account, Plaintiff repeatedly disputed the reporting of the subject account directly with Conn.

26. Despite the repeated disputes, Conn did not correct the inaccurate reporting of the subject account.[1]

27. On May 19, 2020, after realizing the futility of disputing the reporting of the subject account with Conn, Plaintiff sent written correspondences to Equifax, Trans Union, and Experian disputing the inaccurate reporting of the subject account ("Plaintiff's disputes").

28. Plaintiff's disputes to Defendants stated, in pertinent part:

> [Conn is] wrongfully reporting this account twice and reporting that I am late with a past due balance, which in inaccurate. I request that you review the proof I have included showing each payment is on time and I ask that you then remove the inaccurate past due balance, payment history, and payment status. Additionally, there should only be ONE account reporting, not two as I only have one contract with [Conn]. Please forward my dispute to Conn Appliances, Inc., verify their inaccurate reporting, and then correct the errors that are on my reports. I ask that you inform me if you should choose not to forward my letters to [Conn], as I will then take further action to protect myself.

29. Plaintiff enclosed proof of payments in her disputes to Defendants that established that Plaintiff never missed a payment on the subject account.

### Equifax's Post-Dispute Reporting

30. On June 5, 2020, Equifax responded to Plaintiff's dispute.

31. Equifax's response erroneously stated that the subject account "is currently reporting as paid as agreed, with no late payments" and "is currently reporting as a single entry on the Equifax credit file."

32. Despite Equifax's representation that the subject account was reporting as current with no late payments, the face of Equifax's response reflected that Equifax was

---

[1] Plaintiff initiated arbitration proceedings against Conn pursuant to a binding arbitration provision in the underlying contract with Conn. The arbitration proceeding is pending.

reporting that the subject account was past due in December 2019, January 2020, and March 2020.

33. Equifax' response to Plaintiff's dispute contained internal inconsistencies and the reporting of the subject account remained inaccurate.

### Trans Union's Post-Dispute Reporting

34. Trans Union did not respond to Plaintiff's dispute.

35. On July 2, 2020, Plaintiff obtained her Trans Union credit report.

36. Plaintiff's Trans Union report revealed that Trans Union failed to correct the disputed information.

37. Specifically, the subject account was still reporting under two trade-lines, with each trade-line containing different information, including different pay statuses, different balances, and different payment histories.

38. Notably, one trade-line was still reporting the subject account as past due.

### Experian's Post-Dispute Reporting

39. Experian did not respond to Plaintiff's dispute.

40. On July 2, 2020, Plaintiff obtained her Experian credit report.

41. Plaintiff's Experian credit report revealed that Experian failed to correct the disputed information.

42. Specifically, the subject account was still reporting under two trade-lines, with both trade-lines reporting as delinquent. Moreover, each trade-line contained different information, including different pay statuses, different balances, and different payment histories.

**Defendants' Current Credit Reporting**

43. Until this day, the vast majority of the disputed information remains on Plaintiff's Equifax, Trans Union, and Experian credit reports.

44. Specifically, Defendants are still reporting the subject account under two trade-lines, with at least one trade-line reporting as delinquent. Moreover, each trade-line contains different information, including different pay statuses, different balances, and different payment histories.

## DAMAGES

45. Plaintiff has always maintained good credit and the inaccurate information contained in her credit files has significantly damaged Plaintiff.

46. Specifically, as a result of Defendants' conduct, Plaintiff's credit score dropped nearly 100 points, resulting in multiple credit denials.

47. Moreover, one of Plaintiff's credit cards was closed as a result of the inaccurate reporting of the subject account.

48. As a result of Defendants' conduct, Plaintiff has been deprived of credit that she otherwise would have been able to obtain and retain.

49. Defendants' reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control her credit score and her ability to benefit from the great credit history she has built over the years.

50. The inaccurate reporting of subject account had significant adverse effects on Plaintiff's credit rating and her ability to obtain credit because it created a false impression that Plaintiff is in default on the subject account, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

51. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically, credit denials, humiliation, out-of-pocket expenses associated with sending disputes, the loss of credit opportunity, countless time expended submitting disputes, time expended monitoring her credit files, mental anguish, and emotional distress.

52. Due to Defendants' refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel and file this case, thus incurring attorney's fees and costs.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

53. Plaintiff restates and realleges paragraphs 1 through 52 as fully set forth herein.

54. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

55. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

56. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

57. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

58. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

59. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

60. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

61. Plaintiff provided Equifax with all relevant information and documentation in her dispute to support her contention that that the subject account was reporting inaccurately.

62. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Defendant was erroneously double-reporting the subject account and that Plaintiff was current on the subject account.

63. Equifax failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Conn.

64. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

65. Equifax failed to follow reasonable procedures to assure maximum possible accuracy by double-reporting the subject account with different information despite the fact that the subject account had the same account number.

66. Equifax should have implemented procedures and safeguards to avoid the duplicate reporting of the same account.

67. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

68. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting twice and that Plaintiff was current on the subject account.

69. Upon information and belief, Equifax took no steps to determine whether the information Conn was reporting was accurate and reliable. Instead, Equifax blindly reported any information that Conn was reporting with no regard to its accuracy.

70. At very minimum, Equifax should have requested that Conn provide proof that its reporting was accurate. Instead, Equifax continued to recklessly report false and unreliable information regarding the subject account.

71. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Conn. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Conn regarding Plaintiff's dispute that Equifax received from Plaintiff.

72. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

73. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

74. Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Equifax is required to notate each account that a

consumer disputes as "disputed" in each consumer report that includes the disputed information.

75. Equifax knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

76. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

77. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

78. It is Equifax's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

79. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

80. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

81. As stated above, Plaintiff was significantly harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court for the following relief:
   a. Finding that the practices complained of herein are unlawful and violate the FCRA;
   b. Ordering Equifax to delete all of the inaccurate information from Plaintiff's credit reports and credit files;
   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
   e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
   f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
   g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANS UNION)

82. Plaintiff restates and realleges paragraphs 1 through 52 as fully set forth herein.

83. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

84. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

85. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

86. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

87. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

88. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

89. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

90. Plaintiff provided Trans Union with all relevant information and documentation in her dispute to support her contention that that the subject account was reporting inaccurately.

91. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Defendant was erroneously reporting the subject account twice (inconsistently) and that Plaintiff was current on the subject account.

92. Trans Union failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Conn.

93. Trans Union violated 15 U.S.C. §1681i(a)(1)(A) by failing to respond to Plaintiff's dispute within 30 days of receiving Plaintiff's dispute.

94. Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and

belief, Trans Union prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

95. Trans Union failed follow reasonable procedures to assure maximum possible accuracy by double-reporting the subject account with different information despite the fact that the subject account had the same account number.

96. Trans Union should have implemented procedures and safeguards to avoid the duplicate reporting of the same account.

97. Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

98. Had Trans Union taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting twice and that Plaintiff was current on the subject account.

99. Upon information and belief, Trans Union took no steps to determine whether the information Conn was reporting was accurate and reliable. Instead, Trans Union blindly reported any information that Conn was reporting with no regard to its accuracy.

100. At very minimum, Trans Union should have requested that Conn provide proof that its reporting was accurate. Instead, Trans Union continued to recklessly report false and unreliable information regarding the subject account.

101. Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Conn. Upon information and belief, Trans Union also failed to include all relevant information as part of the notice to Conn regarding Plaintiff's dispute that Trans Union received from Plaintiff.

102. Trans Union violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

103. Trans Union violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

104. Trans Union violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Trans Union is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

105. Trans Union knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

106. The FCRA requires that credit reporting agencies implement procedures and systems to promote accurate credit reporting.

107. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Trans Union readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

108. By deviating from the standards established by the credit reporting industry and the FCRA, Trans Union acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

109. It is Trans Union's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

14

110.  Trans Union's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

111.  Trans Union has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

112.  As stated above, Plaintiff was significantly harmed by Trans Union's conduct.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court for the following relief:

a.  Finding that the practices complained of herein are unlawful and violate the FCRA;

b.  Ordering Trans Union to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f.  Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

113. Plaintiff restates and realleges paragraphs 1 through 52 as fully set forth herein.

114. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

115. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

116. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

117. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

118. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

119. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

120. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

121. Plaintiff provided Experian with all relevant information and documentation in her dispute to support her contention that that the subject account was reporting inaccurately.

122. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Experian was erroneously reporting the subject account twice (inconsistently) and that Plaintiff was current on the subject account.

123. Experian failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Conn.

124. Experian violated 15 U.S.C. §1681i(a)(1)(A) by failing to respond to Plaintiff's dispute within 30 days of receiving Plaintiff's dispute.

125. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

126. Experian failed to follow reasonable procedures to assure maximum possible accuracy by double-reporting the subject account with different information despite the fact that the subject account had the same account number.

127. Experian should have implemented procedures and safeguards to avoid the duplicate reporting of the same account.

128. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

129. Had Experian taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting twice and that Plaintiff was current on the subject account.

130. Upon information and belief, Experian took no steps to determine whether the information Conn was reporting was accurate and reliable. Instead, Experian blindly reported any information that Conn was reporting with no regard to its accuracy.

131. At very minimum, Experian should have requested that Conn provide proof that its reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the subject account.

132. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Conn. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Conn regarding Plaintiff's dispute that Experian received from Plaintiff.

133. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

134. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

135. Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

136. Experian knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

137. The FCRA requires that credit reporting agencies implement procedures and systems to promote accurate credit reporting.

138. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

139. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

140. It is Experian's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

141. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

142. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

143. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;

b. Ordering Experian to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 29, 2020                                  Respectfully Submitted,

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com