**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02947-RBJ-KLM

ANGELA H. JOHNSON

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, and EXPERIAN
INFORMATION SOLUTIONS, INC.

    Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES OF
COUNSEL AND PRO SE PARTIES**

Date of Conference: December 8, 2020

| **Counsel for Angela H. Johnson, Plaintiff** | **Counsel for Equifax Information Services, LLC** |
|---|---|
| Mohammed O. Badwan, Esq.<br>Victor T. Metroff, Esq.<br>Sulaiman Law Group, Ltd<br>2500 S. Highland Ave., Ste. 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8180 | Pamela Devata<br>Seyfarth Shaw LLP<br>233 S. Wacker Drive<br>Suite 8000<br>Chicago, Illinois 60606<br>Telephone: 312-460-5882 |

**Counsel for Experian Information Solutions, Inc.**
Taylor M. Grode
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Telephone: 312-269-1510

1

Paul W. Sheldon
Colorado Bar No. 22747
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, PC
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
**COUNSEL FOR TRANS UNION LLC**

## 2.  STATEMENT OF JURISDICTION

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C.§§1331 and 1337.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:** Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Plaintiff opened a credit account with Conn Appliances, Inc. ("Conn") in June 2019. Defendants' began to report the Conn's account as two separate trade-lines with inaccurate information, specifically that Plaintiff missed payments on the subject account. Plaintiff disputed with Defendants' and provided her proof of payments; however, Defendants' did not correct the subject account.

b. **Experian**: Experian performed a reasonable reinvestigation of Plaintiff's dispute given the circumstances. The FCRA is not a strict liability statute, and Experian believes it never acted with the requisite malice, willfulness, or negligence to invoke liability. There is also a significant issue of damages and causation in this case, including: whether Plaintiff was ever denied credit, whether any such denials were caused by Experian's purportedly faulty reinvestigation, and whether instead other negative information on Plaintiff's credit file contributed to her purported harm. Discovery has not yet commenced, and Experian therefore reserves all rights to supplement or edit the foregoing, and its theories, claims, or defenses in this case.

c. **Equifax:** Equifax denies Plaintiff's claims and denies that it violated the FCRA. At all times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reasonable reinvestigation of Plaintiff's dispute(s) in compliance with the FCRA.

      Equifax denies that it caused any damage to Plaintiff.  Plaintiff is not entitled to any of the relief sought in the Complaint.  Equifax further denies that Plaintiff can support a claim for any damages in this action.

d. **Trans Union:**  Plaintiff and Trans Union reached a settlement of all claims and defenses.  A final dismissal will be filed upon completion of the requisite final agreement.

e. Other Parties:

## 4.  UNDISPUTED FACTS

The following facts are undisputed:
Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1681e(b). Defendants Experian and Equifax are consumer reporting agencies as defined by the FCRA.

## 5.  COMPUTATION OF DAMAGES

a. **Plaintiff:** As a results of Defendants' alleged violation(s) of 15 U.S.C. § 1681, Plaintiff is seeking the following:
   i. Damage to Credit/Monetary Loss – Plaintiff is seeking no less than $50,000 for the damage to her credit, including (a) increased price of credit, (2) credit denial(s), (3) out of pocket expenses related to credit monitoring and disputing the reporting of the subject account to Conn Appliances, Inc. ("Conn") and the credit reporting agencies; and (4) loss of credit opportunity. Plaintiff's credit damages are subject to expert testimony.
   ii. Emotional Distress and Mental Anguish – Plaintiff suffered significant emotional distress and mental anguish as a result of the subject account reporting inaccurately on her credit reports and Defendants' collective failure to correct the subject account in Plaintiff's credit reports.
   iii. Plaintiff is seeking no less than $50,000 in compensatory damages for emotional distress and mental anguish.
   iv. Punitive Damages – Plaintiff is seeking punitive damages in excess of $100,000.00 for Defendants' willful violations of the Fair Credit Reporting Act ("FCRA");
   v. Statutory Damages – Plaintiff is seeking statutory damages of $1,000.00 from each Defendant for each violation of the FCRA pursuant to 15 U.S.C. § 1681n.

      vi. Attorney's Fees and Costs– Plaintiff is seeking her attorney's fees and costs pursuant to the FCRA. Plaintiff's attorney's fees and costs to date are approximately $7,532.00 and continue to accrue.

  b. **Experian:** Experian denies that Plaintiff is entitled to any damages or other relief. It does not seek any damages at this time.

  c. **Equifax**: Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for any damages in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

  a. Date of Rule 26(f) Meeting: **November 17, 2020**

  b. Name of each participant and party he/she represented.
      i. Mohammed O. Badwan and Victor T. Metroff representing Plaintiff, Angela H. Johnson
      ii. Pamela Devata representing Defendant, Equifax Information Services, LLC
      iii. Robyn B. Averbach and Taylor Grode representing Defendant, Experian Information Solutions, Inc.

  c. Statement as to when Rule 26(a)(1) Disclosures were made or will be made: **Plaintiff and Experian made their Rule 26(a)(1) Disclosures on November 24, 2020. The remaining Parties will exchange their Rule 26(a)(1) Disclosures by December 28, 2020.**

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P.26(a)(1). **None.**

  e. Statement concerning any agreements to conduct informal discovery: **None.**

  f. Statement concerning any agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: **The parties have agreed to use a unified exhibit numbering system for deposition exhibits and to use the same exhibit numbers as trial exhibit numbers. The parties will also seek entry of a stipulated protective order to allow the exchange of sensitive information, including trade secret and other proprietary information belonging to the Defendants. The parties agree to accept service of all papers and documents in this lawsuit, including written**

    discovery, if not served electronically through court's Case Management/Electronic Case Filing System (CM/ECF), as attachments to electronic mail or, if too voluminous for transmission by electronic mail, via FTP or other reasonable electronic means.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: **The parties do not anticipate that their claims will involve extensive electronically stored information. The parties have agreed to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional format, pursuant to Fed.R.Civ.P. 34**.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: **Settlement is possible, and the parties will work towards a resolution of the case.**

## 7. CONSENT

All parties ☐ [have] ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: **The parties do not propose any modifications to the number of depositions or interrogatories as contained in the Federal Rules.**

b. Limitations which any party proposes on the length of depositions: **The parties agree that depositions should be limited to seven hours each, excluding breaks, without prior agreement or leave of the court.**

Limitations which any party proposes on the number of requests for production and/or requests for admission:
**Plaintiff:** 25 Requests for Production per party, 25 Requests for Admission per party.
**Experian and Equifax:** 25 Requests for Production per party, 25 Requests for Admission per party.

c. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: **Written discovery shall be served no later than 45**

**days before discovery cutoff such that responses are due on the discovery deadline.**

d. Other Planning or Discovery Orders: **None.**

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **January 22, 2021.**

b. Discovery Cut-off: **May 14, 2021**

c. Dispositive Motion Deadline: **June 11, 2021**

d. Expert Witness Disclosure
   i. The parties shall identify anticipated fields of expert testimony, if any:
      1. **Plaintiff:** Credit reporting and impacts of improper reporting to consumers credit worthiness.
      2. **Experian:** Experian may retain an expert regarding the reasonability of its reinvestigation procedures.
      3. **Equifax**: Equifax may retain experts in the fields of reinvestigations procedures and damages.
   ii. Limitations which the parties propose on the use or number of expert witnesses: Plaintiff: None
   iii. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 12, 2021.**
   iv. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 16, 2021.**

e. Identification of Persons to Be Deposed:
   i. Plaintiff, Angela H. Johnson
   ii. Representative of Defendant, Experian Information Solutions, Inc.
   iii. Representative of Defendant, Equifax Information Services, LLC
   iv. Any other witnesses who might be identified through discovery

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: December 8, 2020, commencing at 9:30 a.m.

  b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

  b. Anticipated length of trial and whether trial is to the court or jury: **Estimated length of trial is 2 days. Plaintiff has requested jury trial to which Equifax objects.**

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. **None at this time.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Parties agree that the scheduling order may only be altered or amended only upon showing good cause.

DATED at Denver, Colorado, this ___ day of _____, 20___.

                BY THE COURT:

                                                _____
                                                United States Magistrate Judge

APPROVED:

*/s/ Victor T. Metroff*                           /
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
Attorney for Plaintiff, Angela H. Johnson

/s/ *Taylor M. Grode*
Taylor M. Grode
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Telephone: 312-269-1510
Email: tgrode@jonesday.com

Robyn B. Averbach
RUEBEL & QUILLEN LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
Telephone: (888) 989-1777
Facsimile: (303) 362-5724
Email: robyn@rq-law.com
Attorneys for Defendant, Experian
Information Solutions, Inc.

Maura Bragg
Seyfarth Shaw LLP
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210
mbragg@seyfarth.com
Telephone: 312-460-5882
Attorney for Defendant, Equifax
Information Services, LLC

/s/ *Paul W. Sheldon*
Paul W. Sheldon
Colorado Bar No. 22747
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, PC
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
COUNSEL FOR TRANS UNION LLC